FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 580**

| | | |
|---|---|---|
| GUSTAVO SIDA, on behalf of himself and all other similarly situated persons, known and unknown, ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | Case No. | **JUDGE CONLON** |
| ) ) | Judge | **MAGISTRATE JUDGE NOLAN** |
| RAINBOW CONCRETE CO., and YOSHIO KABAYAMA, individually, ) ) ) | | |
| Defendants. ) | | |

## COMPLAINT

Plaintiff Gustavo Sida ("Plaintiff"), on behalf of himself and all other similarly situated employees, known and unknown, through his attorneys, for his Complaint against Defendants Rainbow Concrete Co. and Yoshio Kabayama states as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff. Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendants but was not paid at a rate of one and a half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his earned and living wages. Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

2.  Plaintiff currently resides in and is domiciled within this judicial district. At all material times hereto, Plaintiff was employed by Defendants within this judicial district. Defendants' principal place of business is in this judicial district.

3.  At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d).

4.  At all relevant times herein, Defendants have been Plaintiff's "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

5.  Defendant Rainbow Concrete Co. is an Illinois corporation and is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

6.  Defendant Yoshio Kabayama is involved in the day-to-day business operation of Defendant Rainbow Concrete Co. Defendant Yoshio Kabayama has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 7.

8. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked over forty hours in individual work weeks.

9. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

10. During the course of his employment by Defendants, Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual workweeks.

12. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of forty (40) hours in individual workweeks.

13. Other non-exempt employees employed by Defendants were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

14. Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

15. Defendants' failure and refusal to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for time he worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and similarly situated employees' regular hourly rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a.

19. At all relevant times herein, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

20. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual workweeks.

21. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours per week.

22. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and regular hourly rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 23, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
CARLOS G. BECERRA (ARDC #6285722)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Rainbow Concrete Co., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Gustavo Sida       (Print your name)

Signature: _____

Date on which I signed this Notice: 12/14/07
                                    (Today's date)