IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUSTAVO SIDA and ANGEL HERNANDEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>RAINBOW CONCRETE CO., and YOSHIO KABAYAMA, individually,<br><br>Defendants. | Case No. 08 C 580<br><br>Judge Conlon |

## FIRST AMENDED COMPLAINT

Plaintiffs Gustavo Sida and Angel Hernandez ("Plaintiffs"), on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their First Amended Complaint against Defendants Rainbow Concrete Co. and Yoshio Kabayama state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs. Plaintiffs worked in excess of forty (40) hours in individual work weeks for Defendants but were not paid at a rate of one and a half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their earned and living wages. Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Exhibit A.

1

**THE PARTIES**

2. Plaintiffs currently reside in and are domiciled within this judicial district. At all material times hereto, Plaintiffs were employed by Defendants within this judicial district. Defendants' principal place of business is in this judicial district.

3. At all relevant times herein, Plaintiffs were employed by Defendants as "employee(s)" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d).

4. At all relevant times herein, Defendants have been Plaintiffs' "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

5. Defendant Rainbow Concrete Co. is an Illinois corporation and is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

6. Defendant Yoshio Kabayama is involved in the day-to-day business operation of Defendant Rainbow Concrete Co. Defendant Yoshio Kabayama has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 7.

8. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs for all time they worked over forty hours in individual work weeks.

9. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

10. During the course of their employment by Defendants, Plaintiffs were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

12. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of forty (40) hours in individual workweeks.

13. Other non-exempt employees employed by Defendants were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

14. Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

15. Defendants' failure and refusal to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for time they worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' regular hourly rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 16 of this Complaint.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a.

19. At all relevant times herein, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

20. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs are entitled to be compensated at a rate of one and one-half times their

4

regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

21. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours per week.

22. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and regular hourly rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 21, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
CARLOS G. BECERRA (ARDC #6285722)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Rainbow Concrete Co., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Gustavo Sida_ (Print your name)

Signature: _[signature]_

Date on which I signed this Notice: _12/14/07_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Rainbow Concrete Co., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __ANGEL HERNANDEZ__ (print your name)

Signature: __/s/ Angel Hernandez__

Date on which I signed this Notice: __02/05/08__
(today's date)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **First Amended Complaint** was served via regular U.S. mail on February 21, 2008 on:

Rainbow Concrete Co.
c/o Reg. Agent, Yoshio Kabayama
& Yoshio Kabayama, individually
5823 N. Forest Glen Ave.
Chicago, IL 60646

s/Douglas M. Werman
Douglas M. Werman
